Jones, Judge,
delivered the opinion of the court':
Plaintiff, a captain in the Medical Corps of the United States Army, sues for increased rental and subsistence allowances on account of a dependent mother for the period beginning May 1,1939. The facts are set forth in the findings and will not be repeated in detail.
The claim is based upon sections 4, 5, and 6 of the act of June 10,1922 (42 Stat. 625), as amended by the act of May 31, 1924 (43 Stat. 250).
Section 4 of the 1922 act (42 Stat. 627) provides, in part—
That the term “dependent” * * * shall- also include the mother of the officer, providing that she is in fact dependent upon him for her chief support.
Plaintiff accepted appointment as first lieutenant in the Medical Section, Officers’ Reserve Corps, United States Army, *717 on May 27, 1935. He accepted appointment as first lieutenant, Medical Corps, United States Army, on March 10, 1939, and was promoted to temporary captain bn October 3, 1940, with rank from September 9, 1940. He has served continuously on active duty since March 10,1'93'9.
Plaintiff’s mother was divorced from her husband, Maurice B. Crone, in September 1933, and was awarded alimony of $75 a month, which payments were made through April 1939. Since the early part of 1937 she has resided with her son, who-defrayed their joint living expenses. The alimony payments were applied as payments on the ex-husband’s obligation to Mrs. Crone’s parents.
The undisputed testimony shows that plaintiff has been not only the chief but the sole support of his mother since May 1, -1939. Since that date she has received no income of revenue of any kind, nor has she owned any real or income-producing personal property.
The defendant raises the question of whether there was actual dependency, basing it upon the allegation that the alimony payments were voluntarily surrendered.
The facts of record do not support this contention.
The evidence shows that the ex-husband had always had difficulty in meeting his obligations. Prior to the granting of the divorce he had borrowed $9,000 from his wife’s parents and had used at least a part of this sum for making a payment on a home. The property was heavily mortgaged for the balance of the purchase price and he was unable to meet the payments. At about the time the divorce was granted the property was sacrificed in order to prevent foreclosure. The net proceeds of the sale were used by the husband to make part payment of his obligation to his wife’s parents and to pay some of his personal obligations. At the time of the divorce, he was not working for a definite salary, but was traveling for a firm which allowed him an advance or drawing account of $300 a month, out of which he was required to pay his own traveling expenses. By 1939 he had become so greatly indebted to the firm that the drawing account was discontinued. He advised his former wife that he was unable to continue making the alimony payments.
*718 At that time she was living with the plaintiff at Ft. Douglas, Utah, and not being.financially able to make a trip to Los Angeles, California, she asked her lawyer in Los Angeles to make an investigation of the ex-husband’s financial condition. After making such investigation the lawyer became. satisfied that Mr. Crone was financially, unable to continue the alimony payments. A stipulation to that effect was made and the court approved the same and ordered the discontinuance of such payments, pending further order.
There is no proof whatever in the record to raise the question of the accuracy of these findings, .or to show that the ex-husband could have continued making the payments.
The plaintiff has been the sole support of his mother since May 1,1939, and the record wholly fails to sustain defendant’s contention that the mother’s dependency was deliberately created. .
Plaintiff is entitled to recover the increased reiital and subsistence allowances provided by law f.or .an officer of his rank because of a dependent mother from May 1,1939, to date of judgment herein. Entry of judgment-will await-the receipt of a report from the General Accounting Office,showing the amount of the allowances due the plaintiff in .accordance with this opinion. .
It is so ordered. , ■ -. ■.,
Madden, Judge; Whitaker, Judge; Littleton,,, Jv¡dge; and Whaley, Chief Justice, concur. . • .. ;
In accordance with the above opinion and-upon report from the General Accounting Office showing the amount due thereunder to be $1,407.40, and upon plaintiff’s motion for judgment, it was ordered April 5,1943,.that judgment for the plaintiff be entered in the sum of $1,407.40.